UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6217 Civ-Division

# CIV-GRAHAM

### MAGISTRATE JUDGE TURNOFF



HAROLD SAMUEL LANDA, M.D., )
d/b/a PULMONARY AND INTERNAL )
MEDICINE CONSULTANTS, P.A. )
and BROWARD COUNTY MEDICAL )
ASSOCIATION )
)
     Plaintiffs, )
v. )
)
HUMANA MEDICAL PLAN, INC. a Florida )
Corporation, HUMANA HEALTH PLAN OF )
FLORIDA, INC., a Florida Corporation, )
HUMANA HEALTH INSURANCE )
COMPANY OF FLORIDA, INC. a Florida )
Corporation )
)
     Defendants. )

## NOTICE OF REMOVAL

Defendants Humana Medical Plan, Inc., Humana Health Plan of Florida, Inc., and Humana Health Insurance Company of Florida, Inc., by undersigned counsel, hereby give notice of the removal of this civil action from the Circuit Court of the Seventeenth Judicial Circuit in Broward County Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1441 *et seq.* The grounds for removal are set forth in the Memorandum In Support of Removal, attached as Exhibit "B".

This Notice of Removal is being filed within thirty days of the service of the Complaint upon Defendants pursuant to 28 U.S.C. § 1446(b).

True and correct copies of all process and pleadings served or filed in the state court action as of the time of filing of this removal are attached hereto as Exhibit "A".

True and correct copies of a separate Notice to State Court of Removal of Civil Action will be served upon Plaintiffs' counsel and filed with the clerk of the Court of the Seventeenth Judicial Circuit, Broward County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d).

In the filing this notice, Defendants do not waive any defenses available to them in this action.

Respectfully submitted this 14th day of February, 2000.

_____
Peter A. Sachs
Jones, Foster, Johnston & Stubbs, P.A.
505 South Flagler Drive, Suite 1100
P.O. Box 3475
West Palm Beach, Florida 33402-3475
(561) 659-3000

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

A



JAN 19 [illegible]

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY
FLORIDA.

CASE NO.: 00-000813-09

HAROLD SAMUEL LANDA, M.D.
d/b/a PULMONARY AND INTERNAL
MEDICINE CONSULTANTS, P.A.
and BROWARD COUNTY MEDICAL
ASSOCIATION,

    Plaintiffs,

v.

HUMANA MEDICAL PLAN, INC., a
Florida corporation; HUMANA HEALTH PLAN
OF FLORIDA, INC., a Florida corporation,
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida corporation,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiffs, HAROLD SAMUEL LANDA, M.D. d/b/a PULMONARY AND INTERNAL MEDICINE CONSULTANTS, P.A. and the BROWARD COUNTY MEDICAL ASSOCIATION, by and through the undersigned attorneys and file this Complaint against the Defendants, HUMANA MEDICAL PLAN, INC., a Florida corporation, HUMANA HEALTH PLAN OF FLORIDA, INC., a Florida corporation, and HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, a Florida corporation, and as grounds therefore would state:

    1.    This is an action seeking declaratory relief for violations of the Florida Health Maintenance Organization Statute, Florida Statute 641.3901 et. seq., and the Florida Deceptive and Florida Deceptive and Unfair Trade Practices Act, Florida Statute 501.201,

et seq., and an action for compensatory damages in excess of fifteen thousand ($15,000.00) dollars.

2. At all times material hereto, the Plaintiff, HAROLD SAMUEL LANDA, M.D. (hereinafter referred to as "DR. LANDA"), was and is a medical doctor practicing his specialty of Internal Medicine and Pulmonary Critical Care in Broward County, Florida.

3. At all times material hereto, the Plaintiff, DR. LANDA, was a duly licensed medical doctor and board certified in the specialty of Internal Medicine and Pulmonary Care.

4. At all times material hereto, DR. LANDA, was and is a resident of Broward County, Florida.

5. At all times material hereto, the Plaintiff, DR. LANDA, provided care and treatment to patients through his professional practice, PULMONARY AND INTERNAL MEDICINE CONSULTANTS, P.A. (hereinafter referred to as "CONSULTANTS").

6. At all times material hereto, CONSULTANTS, was and is a corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

7. At all times material hereto, the Plaintiff, BROWARD COUNTY MEDICAL ASSOCIATION, was and is a non-profit corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

8. At all times material hereto, the Defendant, HUMANA MEDICAL PLAN, INC. (hereinafter referred to as "HUMANA MEDICAL PLAN"), was and is a Florida corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

2

9. At all times material hereto, the Defendant, HUMANA HEALTH PLAN OF FLORIDA, INC. (hereinafter referred to as "HUMANA HEALTH PLAN"), was and is a Florida corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

10. At all times material hereto, the Defendant, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC. (hereinafter referred to as "HUMANA HEALTH INSURANCE OF FLORIDA"), was and is a Florida corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

11. At all times material hereto, the Defendant, AZTEC MEDICAL SYSTEMS, LTD. and AZTEC MEDICAL SERVICES, INC. (hereinafter collectively referred to as "AZTEC"), were and are Florida corporations authorized to do business in the State of Florida, and in fact doing business in the State of Florida.

12. At all times material hereto, the Defendants, HUMANA MEDICAL PLAN, HUMANA HEALTH PLAN and HUMANA HEALTH INSURANCE OF FLORIDA, collectively referred to themselves and their affiliates as "HUMANA" and entered into and continuously ratified a Physician Agreement with the Plaintiff, DR. LANDA.

13. The Physician Agreement between the Plaintiff, DR. LANDA, and the Defendants, collectively identified as "HUMANA," was initially entered into on January 8, 1991 and ratified by the parties thereafter. The original agreement and all amendments are in the possession of one or all of the individual Defendants, collectively identified as "HUMANA," and will be filed as an exhibit once true copies of the executed originals are obtain in discovery.

3

14. As part of the Agreement, Plaintiff, DR. LANDA, was to provide services in accordance with his specialty of Internal Medicine and Pulmonary Critical Care to patients insured by the Defendants, collectively identified as "HUMANA."

15. As a specialist, the Plaintiff, DR. LANDA, was to provide the highest level of services to "HUMANA" insured patients in accordance with the highest standards of the medical profession.

16. The Plaintiff, DR. LANDA, provided services to "HUMANA" insured patients as a physician, board certified in the specialties of Internal Medicine and Pulmonary Critical Care in accordance with the highest standards of the medical profession.

17. As part of the Agreement, "HUMANA" agreed to reimburse Plaintiff, DR. LANDA, for his professional services and fees and Plaintiff, DR. LANDA, agreed not to bill the "HUMANA" insured patients.

18. Florida Statute Section 641.3155, effective October 1, 1998, mandates that "HUMANA" reimburse physician claims in a timely manner.

19. Defendants "HUMANA" thereafter refused to reimburse the Plaintiff, DR. LANDA, in a timely manner and/or in accordance with his billing for professional care and treatment provided to "HUMANA" insured patients.

20. The reimbursement claims submitted to "HUMANA" by DR. LANDA included billing codes in accordance with the Current Procedural Terminology ("CPT") Handbook. The Plaintiff, DR. LANDA, submitted reimbursement claims to "HUMANA", using the CPT codes appropriate for the patient care he rendered to "HUMANA" insured patients.

21. Unilaterally and as a general business practice, "HUMANA" "downcoded" reimbursement claims from 99215 billing code, to 9214 or 99213.

4

22. CPT codes 99213, 99214 and 99215 are among the range of codes that are used by physicians such as the Plaintiff, DR. LANDA, to bill "HUMANA" for "established patient" office visits. The lower CPT codes represent care and treatment with lesser detailed history and examination and/or lower complexity, while the high number CPT code represents care and treatment with greater detailed history and examination and/or higher complexity. The rate of compensation paid by "HUMANA" for 99213 or 99214 care and treatment is substantially less than 99215.

23. "HUMANA" systematically identified CPT billing code 99215, defined by "HUMANA" as high-intensity evaluation and management claims, and automatically and unilaterally converted, upon submission to "HUMANA", the code to one of a lower reimbursement rate or automatically denied reimbursement irrespective of the care and treatment provided. This is a practice, as conducted by "HUMANA" commonly referred to as "downcoding."

24. "HUMANA" was and is knowingly and systematically "downcoding" reimbursement claims in order to reimburse physicians at a lower rate and to create further delay in providing timely reimbursement. The practice of "downcoding" is automatic and occurs without regard to the care and treatment rendered to the patient. Due to "HUMANA'S" systematic practice, physicians have been continuously denied timely payment or wrongfully reimbursed at a substantially lower rates.

25. As a general business practice, when a physician objects to the "downcoding", "HUMANA" then purports to provide a medical records review by an outside company, whose interest is to support such "downcoding." The physician is obligated to make copies of the medical records of the patient, forward to "HUMANA" these records,

5

and no other information will be analyzed or reviewed. As a result of "HUMANA'S" general business practice, the physician incurs additional unreimbursed expenses and delays in obtaining any reimbursement.

26. AZTEC MEDICAL SYSTEMS, LTD. and/or AZTEC MEDICAL SYSTEMS, INC. are the companies employed or contracted by "HUMANA" for the purposes of conducting the medical review of these "downcoded" physician records. It is a general practice and in the interest of AZTEC to support "HUMANA'S" "downcoding" decision and AZTEC systematically rejects the attempts of the physicians to reverse the "downcoding" by "HUMANA" and obtain adequate and fair reimbursement.

27. The purposes and/or effect of this medical review process is to discourage physicians from objecting to the automatic "downcoding" due to the high costs to the physicians of seeking review relative to the amount of reimbursement sought. The result is greater delay in, and a systematic reduction in the amount of, reimbursement to the physicians. The creates a substantial system wide savings to "HUMANA" at the cost of the physician. Further, this medical records review was and is unfair and inadequate in that it only provides for a documentation review and fails to provide a meaningful hearing or review process for the patients and/or doctors to be heard.

28. Plaintiff, BROWARD COUNTY MEDICAL ASSOCIATION, ("BCMA"), is an organization of Florida licensed physicians that advocates the efficient, caring, and fair provision of medical services for the benefit of doctors and patients. The BCMA's membership is made up of individuals who are licensed Florida physicians.

29. BCMA has a direct interest in this litigation because the adequacy, fairness and timeliness of insurance reimbursement effects directly its membership and its

6

members. The failure of a major insurer, such as "HUMANA," to settle claims in a fair and efficient manner has a dramatic and adverse impact on BCMA's members and provision of medical care to the public.

## COUNT I

### PLAINTIFFS' ACTION FOR DECLARATORY RELIEF PURSUANT TO FLORIDA'S HEALTH MAINTENANCE ORGANIZATION ACT TO HALT AUTOMATIC "DOWNCODING" AS AN UNFAIR OR DECEPTIVE BUSINESS PRACTICE IN VIOLATION OF FLORIDA STATUTE 641.3901

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

30. The systematic rejection of physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review, has occurred with such frequency as to constitute a general business practice in accordance with Florida Statute 641.3903(5).

31. Plaintiffs, DR. LANDA and BCMA, request this Court to declare that the practice, policy and procedures of "HUMANA", through its agents, employees, and/or representatives, with respect to the automatic "downcoding" of physician submitted claims and the Inadequate, unfair, unreasonable and costly medical review, are unfair or deceptive acts or business practices in violation of Florida Statute Section 641.3901.

WHEREFORE, Plaintiffs, DR. LANDA and the BCMA requests this Court to declare the practice, policy, and procedures of "HUMANA" of "downcoding" of physician claims, as well as the Inadequate, unfair, unreasonable, and costly medical records review, violates Florida Statute Section 641.3901, award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

7

## COUNT II

### PLAINTIFF DR. LANDA'S ACTION AGAINST DEFENDANT HUMANA FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF FLORIDA STATUTE 641.3901

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29 and would further state:

32. The systematic rejection by "HUMANA" of DR. LANDA's physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable, and costly medical records review of DR. LANDA'S claims, have occurred with such frequency as to constitute a general business practice in accordance with Florida Statute 641.3903(5). "HUMANA" has systematically failed to honor the contractual provisions of the Physicians Agreement and statutory mandates for adequate and timely reimbursement of physician submitted claims for reimbursement.

33. As a result, DR. LANDA has incurred additional unreimbursed office cost associated with "HUMANA'S" practice of automatic "downcoding" and the inadequate, unfair, unreasonable and costly medical records review. Further, DR. LANDA has lost income due to the failure of "HUMANA" to provide adequate and timely reimbursement to DR. LANDA.

34. Plaintiff, DR. LANDA, requests this Court to declare that the practice, policy and procedures of "HUMANA", through its agents, employees, and/or representatives, including but not limited to AZTEC, as it relates to the processing of reimbursement claims and the failure to provide adequate and timely reimbursement to DR. LANDA, a violation of Florida Statute Section 641.3901.

8

WHEREFORE, Plaintiff, DR. LANDA, seeks actual damages as a result of the unfair and deceptive trade practices of "HUMANA" with respect to "downcoding" of claims, as well as the inadequate, unfair, unreasonable and costly medical records review, in violation of Florida Statute Section 641.3901, an award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT III

### PLAINTIFF DR. LANDA'S ACTION FOR DECLARATORY RELIEF PURSUANT TO FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT TO HALT AUTOMATIC "DOWNCODING" AS AN UNFAIR OR DECEPTIVE TRADE PRACTICE IN VIOLATION OF FLORIDA STATUTE 501.204

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

35. The systematic rejection of DR. LANDA'S physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review of DR. LANDA'S claims, have occurred with such frequency as to constitute a general business practice as defined in Florida Statute 501.204.

36. Plaintiff, DR. LANDA, is an aggrieved person as defined by Florida Statute 501.211.

37. Plaintiff, DR. LANDA, requests this Court to declare that the practice, policy and procedures of "HUMANA", through its agents, employees and/or representatives, including, but not limited to AZTEC, at it relates to the processing of physician submitted reimbursement claims and failure to provide adequate and timely reimbursement to DR. LANDA, a violation of Florida Statute Section 501.204.

WHEREFORE, Plaintiffs, DR. LANDA requests this Court to declare the practice, policy, and procedures of "HUMANA", with respect to "downcoding" of claims as well as the inadequate, unfair, unreasonable and costly medical review, violates Florida Statute Section 501.204, award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

### COUNT IV

### PLAINTIFF, DR. LANDA'S, ACTION FOR ACTUAL DAMAGES PURSUANT TO FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT IN VIOLATION OF FLORIDA STATUE 501.204

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

38. The systematic rejection of DR. LANDA'S physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review, have occurred with such frequency as to constitute a general business practice in accordance with Florida Statute 501.204.

39. The practice, policy and procedures of "HUMANA", through its agents, employees, and/or contractors, with respect to the automatic "downcoding" of physician claims and the inadequate, unfair, unreasonable and costly medical records review, are unfair or deceptive acts or business practices in violation of Florida Statute Section 501.204.

40. Plaintiff, DR. LANDA, is an aggrieved person as defined by Florida Statute Section 501.211.

41. Plaintiff, DR. LANDA, has incurred actual damages, including, but not limited to the failure of "HUMANA" to pay his claims adequately and timely, loss of the use of the

funds "HUMANA" withheld from DR. LANDA, and the costs of the inadequate, unfair, unreasonable and costly system of medical records review.

WHEREFORE, Plaintiffs, DR. LANDA requests actual damages as a result of the unfair and deceptive trade practices of Defendant HUMANA with respect to "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review, in violation of Florida Statute Section 501.204, an award attorney's fees, pre-judgment interest, and other costs associated with this action, and other relief as is just and equitable.

## COUNT V

### PLAINTIFF DR. LANDA'S COMMON LAW CIVIL CONSPIRACY OF HUMANA and AZTEC

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

42. Defendant HUMANA, through its agents and/or employees, and Defendant, AZTEC, through its agents and/or employees conspired:

    a) to commit unfair and deceptive trace practices in violation of Florida Statute Section 641.3901;

    (b) to commit unfair and deceptive trade practices in violation of Florida Statute Section 501.204;

    (c) to fraudulently misrepresent to physicians and more particularly, DR. LANDA, its intent to comply statutory obligations to provide timely and adequate reimbursement;

    (d) to fraudulently delay payment of claims through a unfair and unjust system of medical records and billing reviews;

    (e) to violate and/or circumvent the mandates of Florida Statute Section 641.3155 to provide timely payment of reimbursement claims to physicians.

43. In furtherance of this conspiracy, the "HUMANA" established a system of automatic "downcoding" of physician claims and a system of inadequate, unfair, unreasonable and costly medical records review. Further, "HUMANA" enticed and encouraged physicians to continue submitting claims and fraudulently represented the submission of these claims would bo evaluated fairly, completely and in compliance with its statutory and contractual obligations.

44. AZTEC MEDICAL SYSTEMS has a personal stake in this conspiracy separate and apart from the interests of "HUMANA" to wit: AZTEC obtained a valuable contract predicated upon the number of medical records reviews of "downcoded" reimbursement claims, and the performance of AZTEC was measured by "HUMANA" in the results of this medical records review. AZTEC'S incentive was to support "HUMANA'S" fraudulent system of automatic and wrongful "downcoding."

WHEREFORE, Plaintiff, DR. LANDA, requests actual and compensatory damages as a result of the unlawful civil conspiracy committed by "HUMANA" and AZTEC, along with an award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT VI

### PLAINTIFF DR. LANDA'S ACTION FOR COMMON LAW FOR FRAUD

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

12

45. "HUMANA" established a system of automatic and wrongful "downcoding", as well as the inadequate, unfair, unreasonable, costly and fraudulent medical records review of physician submitted claims.

46. "HUMANA", through its agents, employees and/or representatives, made fraudulent representations to DR. LANDA and other physicians that physician claims would be honored and dealt with fairly. Based upon these fraudulent representations, "HUMANA" fraudulently induced DR. LANDA to continue to ratify his contract and enter into subsequent amendments.

47. "HUMANA", through its agents, employees and/or representatives, had knowledge that the representation to physicians was false and set out to establish a systematic pattern of non-payment and delayed payment, with the purpose of avoiding adequate and timely reimbursement to physicians.

48. The intent of "Humana", through its agents, employees and/or representatives, was to induce physicians to continue providing high level care to "Humana" insured patients without providing adequate and/or timely reimbursement for such care and treatment.

49. DR. LANDA relied upon these fraudulent representations and continued to provide high level care to "HUMANA" insured patients, to his detriment and injury. After providing such high level care, "HUMANA" automatically and wrongfully "downcoded" his reimbursement claims and subjected his claims for reimbursement to an inadequate, unfair, unreasonable and costly medical records review.

WHEREFORE, Plaintiffs, DR. LANDA requests actual and compensatory damages as a result of the unlawful common law fraud committed by "HUMANA", along with an award of attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT VII

### BREACH OF CONTRACT AGAINST DEFENDANTS COLLECTIVELY IDENTIFIED AS HUMANA

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

50. Plaintiff, DR. LANDA has submitted claims over the past year to "HUMANA" for care provided to "HUMANA" insured patients pursuant to the contract for physician services.

51. "HUMANA" had an obligation to perform under the contract, which had been entered into with consideration, to deal in good faith and not breach the implied covenant of good faith and fair dealing, as well as express provisions of the contract to provide timely and adequate reimbursement.

52. DR. LANDA'S physician submitted reimbursement claims have been automatically and wrongfully "downcoded" by "HUMANA", resulting in a far lower rate of compensation to DR. LANDA and untimely reimbursement. This non-payment and/or delayed payment has resulted in a breach by "HUMANA" of the parties' contract.

53. As a result, Dr. LANDA has incurred damages, including but not limited to the unpaid physician claims.

WHEREFORE, Plaintiffs, DR. LANDA requests actual and compensatory damages as a result of the breach of contract of "HUMANA", pre-judgment interest, along with an award of attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT VIII

### PLAINTIFF DR. LANDA'S EQUITABLE ACTION FOR UNJUST ENRICHMENT

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

54. DR. LANDA provided care and treatment to "HUMANA" insured patients, in accordance with his specialty and the standards for high level of care and treatment of these patients.

55. "HUMANA" knowingly and voluntarily accepted the benefit of DR. LANDA providing high level care to "HUMANA" insured patients, and this conferred a benefit to "HUMANA", which was accepted and retained by "HUMANA".

56. Plaintiff, DR. LANDA, has submitted claims over the past year to "HUMANA" for care provided to "HUMANA" insured patients pursuant to the contact for physician services.

57. DR. LANDA'S reimbursement claims have been automatically and wrongfully "downcoded" by "HUMANA" resulting in a far lower rate of compensation to DR. LANDA and an amount below the equitable value of his services.

58. As a result, Dr. LANDA has incurred damages, including, but not limited to, the unpaid and underpaid physician claims, which is a benefit to "HUMANA". It is

inequitable for "HUMANA" to retain such benefit without paying the fair and reasonable value of those services.

WHEREFORE, Plaintiff, DR. LANDA, requests actual and compensatory damages as a result of the unjust enrichment to "HUMANA" and seeks the fair and reasonable value of the benefit conferred to "HUMANA" and its insureds, along with pre-judgment interest, an award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand jury trial on all counts, as permitted by statutory law, the Florida Constitution and/or the United States Constitution.

KRUPNICK, CAMPBELL, MALONE, ROSELLI,
BUSER, SLAMA, HANCOCK, McNELIS
LIBERMAN & McKEE, P.A.
Attorney for Plaintiffs
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181


BY:_____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009
MICHAEL J. RYAN, ESQUIRE
Florida Bar No.: 975990

16



RECYCLED PAPER