**NIGHT BOX**
FILED

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA    FEB 2 5 2000
Fort Lauderdale Division
Case No. 00-6217-Civ-Graham/Turnoff

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

|  |  |
|---|---|
| HAROLD SAMUEL LANDA, M.D., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| HUMANA MEDICAL PLAN, INC., | ) |
| | ) |
| Defendant. | ) |

## REMOVAL STATUS REPORT

Pursuant to this Court's Notice of Court Practice in Removal Cases, dated February 15,

2000, Defendants Humana Medical Plan, Inc., Humana Health Plan of Florida, Inc., and Humana

Health Insurance Company of Florida, Inc., by undersigned counsel, hereby state the following:

1.    Plaintiffs' complaint sets forth eight state law causes of action that, in aggregate,

seek compensatory damages in excess of $15,000.00 and declaratory relief. A detailed analysis

of plaintiffs' claims and damages requested is set forth in Defendants' Memorandum in Support

of Removal, which was attached as Exhibit "B" to Defendants' Notice of Removal, filed with

this Court on February 14, 2000.

2.    Plaintiffs' claims are completely preempted by the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and are subject to removal based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. A detailed analysis of the grounds for removal and a listing of all parties to the action is set forth in Defendants' Memorandum in Support of Removal, which was attached as Exhibit "B" to Defendants' Notice of Removal, filed with this Court on February 14, 2000.

3.      Defendants Humana Medical Plan, Inc., Humana Health Plan of Florida, Inc., and Humana Health Insurance Company of Florida, Inc. joined in the Notice of Removal, filed with this Court on February 14, 2000. As stated in Defendants' Memorandum in Support of Removal, Aztec Medical Systems, Inc. ("Aztec"), was not properly named as a defendant in this action. Indeed, Defendants believe that Aztec was never served with the complaint. To the extent this Court determines that Aztec should be considered a defendant for purposes of this removal, however, Defendants have confirmed that Aztec supports removal of this action.

4.      Defendants removed this action within 30 days after receipt of plaintiffs' original complaint, as set forth in the Notice of Removal, filed with this Court on February 14, 2000. Plaintiffs have since filed an amended complaint that it virtually identical to the original complaint, and is signed by counsel.

True and correct copies of all process and pleadings served or filed in the state court action as of the time of filing of this Removal Status Report are attached hereto as Exhibit 1.

Respectfully submitted this 25th day of February, 2000.

Peter A. Sachs
Jones, Foster, Johnston & Stubbs, P.A.
505 South Flagler Drive, Suite 1100
P.O. Box 3475
West Palm Beach, Florida 33402-3475
(561) 659-3000

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail

to **Brian D. Boyle, Esq.**, Brian P. Brooks, Esq., O'Melveny & Myers L.L.P., 555 13th Street, N.W.,

Washington, D.C. 20004; **Walter G. Campbell, Esquire**, Krupnick, Campbell, Malone, Roselli,

Buser, Slama, Hancock, McNelis, Liberman & McKee, P.A., 700 Southeast Third Avenue, Suite

100, Courthouse Law Plaza Fort Lauderdale, FL 33316 on February 25, 2000.

JONES, FOSTER, JOHNSTON & STUBBS, P.A.
Attorneys for Defendant
505 South Flagler Drive, Suite 1100
Post Office Box 3475
West Palm Beach, Florida 33402-3475

By: _____
Peter A. Sachs
Florida Bar No. 349062

## CSC ...he United States Corporation ...ompany
### 1013 Centre Road, Wilmington, DE, 19805-1297
### (302) 636-5400

United States Corporation Company                                          The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 10-FEB-00                                    **Transmittal #:** FL0844605C        ALL

**To:** WALTER E. NEELY, VP-LAW DEPARTMENT            Redirect sent to:
HUMANA INC.                                          KATHLEEN PELLEGRINO
500 WEST MAIN STREET
P.O. BOX 1438 , 27TH FL
LOUISVILLE KY 40202

**TYPE OF REPRESENTATION:** Statutory

RECEIVED

FEB 1 1 2000

We enclose the following documents which were served upon:
                                    Corporation Service Company
as registered agent in   Florida            for
                              **HUMANA MEDICAL PLAN, INC. (ID#:   1884037)**      HUMANA LAW DEPT.
Documents were served on **10-FEB-00**    via Personal Service            **ID#:** N/A

**Title of Action:** HAROLD SAMUEL LANDA M.D., ETC.,                    **Case #:** 00-000813-09
**vs.** HUMANA MEDICAL PLAN INC., ET AL.,
**Court:** CIRC. COURT 17TH JUD. CIRC. BROWARD COUNTY FL.
**Nature of Case:** Contract

| | | | |
|---|---|---|---|
| X   Summons | _____  Notice of Mechanic's Lien | | _____  A self-addressed stamped |
| X   Complaint | _____  Notice of Attorney's Lien | | envelope enclosed |
| _____  Garnishment | _____  Notice of Default Judgment | | _____  Duplicate copies of the Notice |
| _____  Subpoena | | | and Acknowledgement enclosed |

X   Other:   INTERROGATORIES. REQUEST TO PRODUCE

**Answer Due:** WITHIN 20 DAYS AFTER SERVICE
**Documents Sent:** Federal Express            **ID#:** 445715401657
**Call Placed:** No call placed            **Spoke to:** N/A
**Comments:** N/A

**Attorney for Claimant:**
WALTER G. CAMPBELL JR ESQ
KRUPNICK, CAMPBELL, ET.C.,
700 SOUTHEAST THIRD AVE.
FORT LAUDERDALE FL 33316                    **EXHIBIT** _____
954-763-8181

Form Prepared By:  Tina Bartlett

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

### Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY
FLORIDA.

CASE NO.: 00-000813-09

HAROLD SAMUEL LANDA, M.D.
d/b/a PULMONARY AND INTERNAL
MEDICINE CONSULTANTS, P.A.
and BROWARD COUNTY MEDICAL
ASSOCIATION,

        Plaintiffs,

v.

HUMANA MEDICAL PLAN, INC., a
Florida corporation; HUMANA HEALTH PLAN
OF FLORIDA, INC., a Florida corporation,
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida corporation,

        Defendants.

_____/

## SUMMONS
## ON FIRST AMENDED COMPLAINT

THE STATE OF FLORIDA:

To All and Singular, the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant

      **HUMANA MEDICAL PLAN, INC.**

    **By Serving:**     **Corporation Services Company, Registered Agent**
                             **1201 Hays Street**
                             **Tallahassee, FL   32301**

      Each defendant is required to serve written defenses to the complaint or petition on **WALTER G. CAMPBELL, JR., ESQUIRE,** Krupnick, Campbell, Malone, Roselli, Buser, Slama, Hancock, McNelis, Liberman & McKee, P.A., plaintiff's attorneys, whose address is 700 Southeast Third Avenue, Suite 100, Fort Lauderdale, Florida, 33316, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service and to file the original of the defense with the Clerk of this Court either before service on plaintiff's attorneys or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and seal of said Court.

FEB 07 2000

ROBERT E. LOCKWOOD
As Clerk of Said Court

By:_____



2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY
FLORIDA.

CASE NO.:   00-000813-09

HAROLD SAMUEL LANDA, M.D.
d/b/a PULMONARY AND INTERNAL
MEDICINE CONSULTANTS, P.A.
and BROWARD COUNTY MEDICAL
ASSOCIATION,

       Plaintiffs,

v.

HUMANA MEDICAL PLAN, INC., a
Florida corporation; HUMANA HEALTH PLAN
OF FLORIDA, INC., a Florida corporation,
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida corporation,

       Defendants.
_____/

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiffs, HAROLD SAMUEL LANDA, M.D. d/b/a PULMONARY

AND INTERNAL MEDICINE CONSULTANTS, P.A. and the BROWARD COUNTY

MEDICAL ASSOCIATION, by and through the undersigned attorneys and file this First

Amended Complaint against the Defendants, HUMANA MEDICAL PLAN, INC., a Florida

corporation, HUMANA HEALTH PLAN OF FLORIDA, INC., a Florida corporation, and

HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC., a Florida corporation,

and as grounds therefore would state:

    1.    This is an action seeking declaratory relief for violations of the Florida Health

Maintenance Organization Statute, Florida Statute 641.3901 et. seq., and the Florida

Deceptive and Florida Deceptive and Unfair Trade Practices Act, Florida Statute 501.201,

et seq., and an action for compensatory damages in excess of fifteen thousand ($15,000.00) dollars.

2.    At all times material hereto, the Plaintiff, HAROLD SAMUEL LANDA, M.D. (hereinafter referred to as "DR. LANDA"), was and is a medical doctor practicing his specialty of Internal Medicine and Pulmonary Critical Care in Broward County, Florida.

3.    At all times material hereto, the Plaintiff, DR. LANDA, was a duly licensed medical doctor and board certified in the specialty of Internal Medicine and Pulmonary Care.

4.    At all times material hereto, DR. LANDA, was and is a resident of Broward County, Florida.

5.    At all times material hereto, the Plaintiff, DR. LANDA, provided care and treatment to patients through his professional practice, PULMONARY AND INTERNAL MEDICINE CONSULTANTS, P.A. (hereinafter referred to as "CONSULTANTS").

6.    At all times material hereto, CONSULTANTS, was and is a corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

7.    At all times material hereto, the Plaintiff, BROWARD COUNTY MEDICAL ASSOCIATION, was and is a non-profit corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

8.    At all times material hereto, the Defendant, HUMANA MEDICAL PLAN, INC. (hereinafter referred to as "HUMANA MEDICAL PLAN"), was and is a Florida corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

2

9.    At all times material hereto, the Defendant, HUMANA HEALTH PLAN OF FLORIDA, INC. (hereinafter referred to as "HUMANA HEALTH PLAN"), was and is a Florida corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

10.    At all times material hereto, the Defendant, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC. (hereinafter referred to as "HUMANA HEALTH INSURANCE OF FLORIDA"), was and is a Florida corporation authorized to do business in the State of Florida, and in fact doing business in Broward County, Florida.

11.    At all times material hereto, the Defendant, AZTEC MEDICAL SYSTEMS, LTD. and AZTEC MEDICAL SERVICES, INC. (hereinafter collectively referred to as "AZTEC"), were and are Florida corporations authorized to do business in the State of Florida, and in fact doing business in the State of Florida.

12.    At all times material hereto, the Defendants, HUMANA MEDICAL PLAN, HUMANA HEALTH PLAN and HUMANA HEALTH INSURANCE OF FLORIDA, collectively referred to themselves and their affiliates as "HUMANA" and entered into and continuously ratified a Physician Agreement with the Plaintiff, DR. LANDA.

13.    The Physician Agreement between the Plaintiff, DR. LANDA, and the Defendants, collectively identified as "HUMANA," was initially entered into on January 8, 1991 and ratified by the parties thereafter.  The original agreement and all amendments are in the possession of one or all of the individual Defendants, collectively identified as "HUMANA," and will be filed as an exhibit once true copies of the executed originals are obtain in discovery.

3

14.    As part of the Agreement, Plaintiff, DR. LANDA, was to provide services in accordance with his specialty of Internal Medicine and Pulmonary Critical Care to patients insured by the Defendants, collectively identified as "HUMANA."

15.    As a specialist, the Plaintiff, DR. LANDA, was to provide the highest level of services to "HUMANA" insured patients in accordance with the highest standards of the medical profession.

16.    The Plaintiff, DR. LANDA, provided services to "HUMANA" insured patients as a physician, board certified in the specialties of Internal Medicine and Pulmonary Critical Care in accordance with the highest standards of the medical profession.

17.    As part of the Agreement, "HUMANA" agreed to reimburse Plaintiff, DR. LANDA, for his professional services and fees and Plaintiff, DR. LANDA, agreed not to bill the "HUMANA" insured patients.

18.    Florida Statute Section 641.3155, effective October 1, 1998, mandates that "HUMANA" reimburse physician claims in a timely manner.

19.    Defendants "HUMANA" thereafter refused to reimburse the Plaintiff, DR. LANDA, in a timely manner and/or in accordance with his billing for professional care and treatment provided to "HUMANA" insured patients.

20.    The reimbursement claims submitted to "HUMANA" by DR. LANDA included billing codes in accordance with the Current Procedural Terminology ("CPT") Handbook. The Plaintiff, DR. LANDA, submitted reimbursement claims to "HUMANA", using the CPT codes appropriate for the patient care he rendered to "HUMANA" insured patients.

21.    Unilaterally and as a general business practice, "HUMANA" "downcoded" reimbursement claims from 99215 billing code, to 9214 or 99213.

4

22.    CPT codes 99213, 99214 and 99215 are among the range of codes that are used by physicians such as the Plaintiff, DR. LANDA, to bill "HUMANA" for "established patient" office visits.    The lower CPT codes represent care and treatment with lesser detailed history and examination and/or lower complexity, while the high number CPT code represents care and treatment with greater detailed history and examination and/or higher complexity.    The rate of compensation paid by "HUMANA" for 99213 or 99214 care and treatment is substantially less than 99215.

23.    "HUMANA" systematically identified CPT billing code 99215, defined by "HUMANA" as high-intensity evaluation and management claims, and automatically and unilaterally converted, upon submission to "HUMANA", the code to one of a lower reimbursement rate or automatically denied reimbursement irrespective of the care and treatment provided.    This is a practice, as conducted by "HUMANA" commonly referred to as "downcoding."

24.    "HUMANA" was and is knowingly and systematically "downcoding" reimbursement claims in order to reimburse physicians at a lower rate and to create further delay in providing timely reimbursement.    The practice of "downcoding" is automatic and occurs without regard to the care and treatment rendered to the patient. Due to "HUMANA'S" systematic practice, physicians have been continuously denied timely payment or wrongfully reimbursed at a substantially lower rates.

25.    As a general business practice, when a physician objects to the "downcoding", "HUMANA" then purports to provide a medical records review by an outside company, whose interest is to support such "downcoding."  The physician is obligated to make copies of the medical records of the patient, forward to "HUMANA" these records,

5

and no other information will be analyzed or reviewed. As a result of "HUMANA'S" general business practice, the physician incurs additional unreimbursed expenses and delays in obtaining any reimbursement.

26.   AZTEC MEDICAL SYSTEMS, LTD. and/or AZTEC MEDICAL SYSTEMS, INC. are the companies employed or contracted by "HUMANA" for the purposes of conducting the medical review of these "downcoded" physician records. It is a general practice and in the interest of AZTEC to support "HUMANA'S" "downcoding" decision and AZTEC systematically rejects the attempts of the physicians to reverse the "downcoding" by "HUMANA" and obtain adequate and fair reimbursement.

27.   The purposes and/or effect of this medical review process is to discourage physicians from objecting to the automatic "downcoding" due to the high costs to the physicians of seeking review relative to the amount of reimbursement sought. The result is greater delay in, and a systematic reduction in the amount of, reimbursement to the physicians. The creates a substantial system wide savings to "HUMANA" at the cost of the physician. Further, this medical records review was and is unfair and inadequate in that it only provides for a documentation review and fails to provide a meaningful hearing or review process for the patients and/or doctors to be heard.

28.   Plaintiff, BROWARD COUNTY MEDICAL ASSOCIATION, ("BCMA"), is an organization of Florida licensed physicians that advocates the efficient, caring, and fair provision of medical services for the benefit of doctors and patients. The BCMA's membership is made up of individuals who are licensed Florida physicians.

29.   BCMA has a direct interest in this litigation because the adequacy, fairness and timeliness of insurance reimbursement effects directly its membership and its

members. The failure of a major insurer, such as "HUMANA," to settle claims in a fair and efficient manner has a dramatic and adverse impact on BCMA's members and provision of medical care to the public.

## COUNT I

**PLAINTIFFS' ACTION FOR DECLARATORY RELIEF PURSUANT TO FLORIDA'S HEALTH MAINTENANCE ORGANIZATION ACT TO HALT AUTOMATIC "DOWNCODING" AS AN UNFAIR OR DECEPTIVE BUSINESS PRACTICE IN VIOLATION OF FLORIDA STATUTE 641.3901**

Plaintiffs reallege and incorporate herein as if fully stated Paragraphs 1-29, and would further state:

30.    The systematic rejection of physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review, has occurred with such frequency as to constitute a general business practice in accordance with Florida Statute 641.3903(5).

31.    Plaintiffs, DR. LANDA and BCMA, request this Court to declare that the practice, policy and procedures of "HUMANA", through its agents, employees, and/or representatives, with respect to the automatic "downcoding" of physician submitted claims and the inadequate, unfair, unreasonable and costly medical review, are unfair or deceptive acts or business practices in violation of Florida Statute Section 641.3901.

WHEREFORE, Plaintiffs, DR. LANDA and the BCMA requests this Court to declare the practice, policy, and procedures of "HUMANA" of "downcoding" of physician claims, as well as the inadequate, unfair, unreasonable, and costly medical records review, violates Florida Statute Section 641.3901, award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT II

### PLAINTIFF DR. LANDA'S ACTION AGAINST DEFENDANT HUMANA FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES IN VIOLATION OF FLORIDA STATUTE 641.3901

Plaintiff realleges and incorporates herein as if fully stated Paragraphs 1-29 and would further state:

32.    The systematic rejection by "HUMANA" of DR. LANDA's physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable, and costly medical records review of DR. LANDA'S claims, have occurred with such frequency as to constitute a general business practice in accordance with Florida Statute 641.3903(5). "HUMANA" has systematically failed to honor the contractual provisions of the Physicians Agreement and statutory mandates for adequate and timely reimbursement of physician submitted claims for reimbursement.

33.    As a result, DR. LANDA has incurred additional unreimbursed office cost associated with "HUMANA'S" practice of automatic "downcoding" and the inadequate, unfair, unreasonable and costly medical records review. Further, DR. LANDA has lost income due to the failure of "HUMANA" to provide adequate and timely reimbursement to DR. LANDA.

34.    Plaintiff, DR. LANDA, requests this Court to declare that the practice, policy and procedures of "HUMANA", through its agents, employees, and/or representatives, including but not limited to AZTEC, as it relates to the processing of reimbursement claims and the failure to provide adequate and timely reimbursement to DR. LANDA, a violation of Florida Statute Section 641.3901.

WHEREFORE, Plaintiff, DR. LANDA, seeks actual damages as a result of the unfair and deceptive trade practices of "HUMANA" with respect to "downcoding" of claims, as well as the inadequate, unfair, unreasonable and costly medical records review, in violation of Florida Statute Section 641.3901, an award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT III

### PLAINTIFF DR. LANDA'S ACTION FOR DECLARATORY RELIEF PURSUANT TO FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT TO HALT AUTOMATIC "DOWNCODING" AS AN UNFAIR OR DECEPTIVE TRADE PRACTICE IN VIOLATION OF FLORIDA STATUTE 501.204

Plaintiff realleges and incorporates herein as if fully stated Paragraphs 1-29, and would further state:

35.    The systematic rejection of DR. LANDA'S physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review of DR. LANDA'S claims, have occurred with such frequency as to constitute a general business practice as defined in Florida Statute 501.204.

36.    Plaintiff, DR. LANDA, is an aggrieved person as defined by Florida Statute 501.211.

37.    Plaintiff, DR. LANDA, requests this Court to declare that the practice, policy and procedures of "HUMANA", through its agents, employees and/or representatives, including, but not limited to AZTEC, at it relates to the processing of physician submitted reimbursement claims and failure to provide adequate and timely reimbursement to DR. LANDA, a violation of Florida Statute Section 501.204.

WHEREFORE, Plaintiff, DR. LANDA requests this Court to declare the practice, policy, and procedures of "HUMANA", with respect to "downcoding" of claims as well as the inadequate, unfair, unreasonable and costly medical review, violates Florida Statute Section 501.204, award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT IV

### PLAINTIFF, DR. LANDA'S, ACTION FOR ACTUAL DAMAGES PURSUANT TO FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT IN VIOLATION OF FLORIDA STATUE 501.204

Plaintiff realleges and incorporates herein as if fully stated Paragraphs 1-29, and would further state:

38.    The systematic rejection of DR. LANDA'S physician submitted reimbursement claims on the basis of "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review, have occurred with such frequency as to constitute a general business practice in accordance with Florida Statute 501.204.

39.    The practice, policy and procedures of "HUMANA", through its agents, employees, and/or contractors, with respect to the automatic "downcoding" of physician claims and the inadequate, unfair, unreasonable and costly medical records review, are unfair or deceptive acts or business practices in violation of Florida Statute Section 501.204.

40.    Plaintiff, DR. LANDA, is an aggrieved person as defined by Florida Statute Section 501.211.

41.    Plaintiff, DR. LANDA, has incurred actual damages, including, but not limited to the failure of "HUMANA" to pay his claims adequately and timely, loss of the use of the

funds "HUMANA" withheld from DR. LANDA, and the costs of the inadequate, unfair, unreasonable and costly system of medical records review.

WHEREFORE, Plaintiff, DR. LANDA requests actual damages as a result of the unfair and deceptive trade practices of Defendant HUMANA with respect to "downcoding", as well as the inadequate, unfair, unreasonable and costly medical records review, in violation of Florida Statute Section 501.204, an award attorney's fees, pre-judgment interest, and other costs associated with this action, and other relief as is just and equitable.

## COUNT V

### PLAINTIFF DR. LANDA'S COMMON LAW
### CIVIL CONSPIRACY OF HUMANA and AZTEC

Plaintiff realleges and incorporates herein as if fully stated Paragraphs 1-29, and would further state:

42.    Defendant HUMANA, through its agents and/or employees, and Defendant, AZTEC, through its agents and/or employees conspired:

  a)    to commit unfair and deceptive trace practices in violation of Florida Statute Section 641.3901;

  b)    to commit unfair and deceptive trade practices in violation of Florida Statute Section 501.204;

  c)    to fraudulently misrepresent to physicians and more particularly, DR. LANDA, its intent to comply statutory obligations to provide timely and adequate reimbursement;

  d)    to fraudulently delay payment of claims through a unfair and unjust system of medical records and billing reviews;

  e)    to violate and/or circumvent the mandates of Florida Statute Section 641.3155 to provide timely payment of reimbursement claims to physicians.

11

43.    In furtherance of this conspiracy, the "HUMANA" established a system of automatic "downcoding" of physician claims and a system of inadequate, unfair, unreasonable and costly medical records review.   Further, "HUMANA" enticed and encouraged physicians to continue submitting claims and fraudulently represented the submission of these claims would be evaluated fairly, completely and in compliance with its statutory and contractual obligations.

44.    AZTEC MEDICAL SYSTEMS has a personal stake in this conspiracy separate and apart from the interests of "HUMANA" to wit: AZTEC obtained a valuable contract predicated upon the number of medical records reviews of "downcoded" reimbursement claims, and the performance of AZTEC was measured by "HUMANA" in the results of this medical records review.    AZTEC'S incentive was to support "HUMANA'S" fraudulent system of automatic and wrongful "downcoding."

WHEREFORE, Plaintiff, DR. LANDA, requests actual and compensatory damages as a result of the unlawful civil conspiracy committed by "HUMANA" and AZTEC, along with an award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT VI

## PLAINTIFF DR. LANDA'S ACTION FOR COMMON LAW FRAUD

Plaintiff realleges and incorporates herein as if fully stated Paragraphs 1-29, and would further state:

12

45.   "HUMANA" established a system of automatic and wrongful "downcoding", as well as the inadequate, unfair, unreasonable, costly and fraudulent medical records review of physician submitted claims.

46.   "HUMANA", through its agents, employees and/or representatives, made fraudulent representations to DR. LANDA and other physicians that physician claims would be honored and dealt with fairly. Based upon these fraudulent representations, "HUMANA" fraudulently induced DR. LANDA to continue to ratify his contract and enter into subsequent amendments.

47.   "HUMANA", through its agents, employees and/or representatives, had knowledge that the representation to physicians was false and set out to establish a systematic pattern of non-payment and delayed payment, with the purpose of avoiding adequate and timely reimbursement to physicians.

48.   The intent of "Humana", through its agents, employees and/or representatives, was to induce physicians to continue providing high level care to "Humana" insured patients without providing adequate and/or timely reimbursement for such care and treatment.

49.   DR. LANDA relied upon these fraudulent representations and continued to provide high level care to "HUMANA" insured patients, to his detriment and injury. After providing such high level care, "HUMANA" automatically and wrongfully "downcoded" his reimbursement claims and subjected his claims for reimbursement to an inadequate, unfair, unreasonable and costly medical records review.

13

WHEREFORE, Plaintiff, DR. LANDA requests actual and compensatory damages as a result of the unlawful common law fraud committed by "HUMANA", along with an award of attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## COUNT VII

### BREACH OF CONTRACT AGAINST DEFENDANTS COLLECTIVELY IDENTIFIED AS HUMANA

Plaintiff realleges and incorporates herein as if fully stated Paragraphs 1-29, and would further state:

50.    Plaintiff, DR. LANDA has submitted claims over the past year to "HUMANA" for care provided to "HUMANA" insured patients pursuant to the contract for physician services.

51.    "HUMANA" had an obligation to perform under the contract, which had been entered into with consideration, to deal in good faith and not breach the implied covenant of good faith and fair dealing, as well as express provisions of the contract to provide timely and adequate reimbursement.

52.    DR. LANDA'S physician submitted reimbursement claims have been automatically and wrongfully "downcoded" by "HUMANA", resulting in a far lower rate of compensation to DR. LANDA and untimely reimbursement.   This non-payment and/or delayed payment has resulted in a breach by "HUMANA" of the parties' contract.

53.    As a result, Dr. LANDA has incurred damages, including but not limited to the unpaid physician claims.

WHEREFORE, Plaintiff, DR. LANDA, requests actual and compensatory damages as a result of the breach of contract of "HUMANA", pre-judgment interest, along with an award of attorney's fees and other costs associated with this action, and other relief as is just and equitable.

### COUNT VIII

### PLAINTIFF DR. LANDA'S EQUITABLE ACTION FOR UNJUST ENRICHMENT

Plaintiff realleges and incorporates herein as if fully stated Paragraphs 1-29, and would further state:

54.     DR. LANDA provided care and treatment to "HUMANA" insured patients, in accordance with his specialty and the standards for high level of care and treatment of these patients.

55.     "HUMANA" knowingly and voluntarily accepted the benefit of DR. LANDA providing high level care to "HUMANA" insured patients, and this conferred a benefit to "HUMANA", which was accepted and retained by "HUMANA".

56.     Plaintiff, DR. LANDA, has submitted claims over the past year to "HUMANA" for care provided to "HUMANA" insured patients pursuant to the contact for physician services.

57.     DR. LANDA'S reimbursement claims have been automatically and wrongfully "downcoded" by "HUMANA" resulting in a far lower rate of compensation to DR. LANDA and an amount below the equitable value of his services.

58.     As a result, Dr. LANDA has incurred damages, including, but not limited to, the unpaid and underpaid physician claims, which is a benefit to "HUMANA".  It is

inequitable for "HUMANA" to retain such benefit without paying the fair and reasonable value of those services.

WHEREFORE, Plaintiff, DR. LANDA, requests actual and compensatory damages as a result of the unjust enrichment to "HUMANA" and seeks the fair and reasonable value of the benefit conferred to "HUMANA" and its insureds, along with pre-judgment interest, an award attorney's fees and other costs associated with this action, and other relief as is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand jury trial on all counts, as permitted by statutory law, the Florida Constitution and/or the United States Constitution.

KRUPNICK, CAMPBELL, MALONE, ROSELLI,
BUSER, SLAMA, HANCOCK, McNELIS
LIBERMAN & McKEE, P.A.
Attorney for Plaintiffs
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida  33316
(954) 763-8181


BY: _____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009
MICHAEL J. RYAN, ESQUIRE
Florida Bar No.: 975990

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY
FLORIDA.

CASE NO.: 00-000813-09

HAROLD SAMUEL LANDA, M.D.
d/b/a PULMONARY AND INTERNAL
MEDICINE CONSULTANTS, P.A.
and BROWARD COUNTY MEDICAL
ASSOCIATION,

        Plaintiffs,

v.

HUMANA MEDICAL PLAN, INC., a
Florida corporation; HUMANA HEALTH PLAN
OF FLORIDA, INC., a Florida corporation,
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida corporation,

        Defendants.

_____/

## REQUEST TO PRODUCE

**TO:**    **DEFENDANT, HUMANA MEDICAL PLAN, INC.**
        **To Be Served Along With The Summons And First Amended Complaint**

        Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, the Defendant,

**HUMANA MEDICAL PLAN, INC.,** is hereby requested to produce to the Plaintiffs, within

forty-five (45) days from the date of service, at the Law Offices of KRUPNICK,

CAMPBELL, MALONE, ROSELLI, BUSER, SLAMA, HANCOCK, McNELIS, LIBERMAN

& McKEE, P.A., 700 Southeast Third Avenue, Suite 100, Fort Lauderdale, Florida, 33316,

the following:

        1.    Copies of any and all memos, notes and writings concerning any
contract, as well as all subsequent amendments, between the Defendant and Plaintiff.

2.      Copies of any and all claims submitted and/or filed by the Plaintiff under the Physicians Agreement.

3.      Copies of any and all notifications or other writings sent to Plaintiff regarding the Physicians Agreement.

4.      Copies of any and all statements and/or bills sent to the Plaintiff regarding the Physicians Agreement.

5.      Copies of any written statements, comments or remarks made by the Plaintiff regarding the Physicians Agreement and/or any reimbursement claim submitted by the Plaintiff.

6.      Copies of any correspondence, written statements, comments or remarks made by the defendant, its agents, employees and representatives regarding the involved Physicians Agreement and/or any reimbursement claim submitted by Plaintiff.

7.      Copies of the application(s) for provider status filed, submitted and/or taken from the Plaintiff.

8.      Copies of any and all medical records and/or notes regarding the reimbursement claim(s) filed or submitted by the Plaintiff to Defendant and/or "HUMANA" and/or Aztec Medical Services, Ltd. and/or Aztec Medical Services, Inc.

9.      A true and complete copy of the Physicians Agreement involved in the Complaint, along with any subsequent additions, amendments and/or deletions of or on same.

10.     Copies of all memorandum, logs, documentation and/or other materials reflecting the process by which physician submitted claims have been or would be reviewed, analyzed, and/or audited since 1995.

11.     Any and all correspondence, memorandum, and/or documentation regarding the Plaintiff.

12.     A complete copy of the original contract and/or agreement for services between Aztec Medical Services, Ltd. and/or Aztec Medical Services, Inc. and Defendant and/or "HUMANA."

13.     A complete copy of the Physicians Administration Manual for the Defendant network plan for the years 1995, 1996, 1997, 1998, 1999 and 2000, including any and all amendments.

14.    A copy of all memorandum, documentation and/or other materials related to the procedures utilized, proposed to be utilized, or expected to be utilized by Defendant and/or "HUMANA" for reviewing, auditing, and/or processing of physician submitted reimbursement claims for medical services provided to "HUMANA" insured patients.

15.    Copies of all memorandum, documentation and/or other materials related in any way to the "two-month" pilot program Defendant and/or "HUMANA" instituted to review "E & M" claims submitted by physicians in the State of Florida.

16.    Copies of all memorandum, documentation and/or other materials memorializing and/or reflecting contact, conversations and/or meetings with Plaintiff at any time.

17.    Copies of all memorandum, documentation and/or other materials memorializing, reflecting and/or setting forth the analysis done by Defendant and/or "HUMANA" of claims filed by physicians in 1996, 1997, 1998 and 1999 by specialty, including, but not limited to, the listing of the participating physicians who Defendant and/or "HUMANA" contend were billing at a higher percentage of Level 4 and Level 5 evaluation and management codes.

18.    Copies of any and all policies and procedures of Aztec Medical Services, Ltd. and/or Aztec Medical Services, Inc. establishing a systematized review mechanism for review of physician submitted reimbursement claims.

19.    Copies of all memorandum, reports, documents and/or other materials reflecting the cost savings to "HUMANA" through review of physician submitted reimbursement claims in the State of Florida during 1996, 1997, 1998 and 1999.

20.    Copies of all memorandum, reports, documents and/or other materials reflecting Defendant's cash flow and liquidity estimates for 1996, 1997, 1998, 1999 and 2000.

21.    Copies of all memorandum, reports, documentation and/or correspondence from and to accounting and/or management consultants retained by Defendant and/or "HUMANA" for the purpose of evaluating, accounting and/or analyzing cash flow of "HUMANA" for the years 1995, 1996, 1997, 1998, 1999 and 2000.

22.    Copies of all quarterly profit and loss statements, cash flow reports, and annual statements prepared for the years 1995, 1996, 1997, 1998, 1999 and 2000, including reports reflecting projections during that time frame.

I HEREBY CERTIFY that a true and correct copy of the foregoing Request to Produce was served along with the Summons and First Amended Complaint upon the Defendant, **HUMANA MEDICAL PLAN, INC.**

KRUPNICK, CAMPBELL, MALONE, ROSELLI,
BUSER, SLAMA, HANCOCK, McNELIS
LIBERMAN & McKEE, P.A.
Attorney for Plaintiffs
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181


BY: _____
     WALTER G. CAMPBELL, JR., ESQUIRE
     Florida Bar No.: 161009

975550

4

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY
FLORIDA.

CASE NO.: 00-000813-09

HAROLD SAMUEL LANDA, M.D.
d/b/a PULMONARY AND INTERNAL
MEDICINE CONSULTANTS, P.A.
and BROWARD COUNTY MEDICAL
ASSOCIATION,

       Plaintiffs,

v.

HUMANA MEDICAL PLAN, INC., a
Florida corporation; HUMANA HEALTH PLAN
OF FLORIDA, INC., a Florida corporation,
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida corporation,

       Defendants.

_____/

## INTERROGATORIES SERVED WITH FIRST AMENDED COMPLAINT
## TO DEFENDANT, HUMANA MEDICAL PLAN, INC.

COMES NOW the Plaintiffs, **HAROLD SAMUEL LANDA, M.D. d/b/a PULMONARY AND INTERNAL MEDICINE CONSULTANTS, P.A. and BROWARD COUNTY MEDICAL ASSOCIATION, INC.**, by and through the undersigned attorneys, and propounds the attached Interrogatories unto the Defendant, **HUMANA MEDICAL PLAN, INC.**, requesting and requiring that the said Defendant shall answer the same under oath, and in writing, within forty-five (45) days from the date hereof, in accordance with the applicable Rule of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the

Summons and First Amended Complaint upon the Defendant, **HUMANA MEDICAL PLAN, INC.**

> KRUPNICK, CAMPBELL, MALONE, ROSELLI,
> BUSER, SLAMA, HANCOCK, McNELIS
> LIBERMAN & McKEE, P.A.
> Attorney for Plaintiffs
> 700 Southeast Third Avenue
> Courthouse Law Plaza, Suite 100
> Fort Lauderdale, Florida 33316
> (954) 763-8181

> BY: _____
> WALTER G. CAMPBELL, JR., ESQUIRE
> Florida Bar No.: 161009

975990

2

## INTERROGATORIES
## DEFENDANT, HUMANA MEDICAL PLAN, INC.

1.        Please state the name, address and capacity of the person answering these interrogatories.

2.        Please set forth Defendant's correct corporate name, the date and state of incorporation, the name and present address of each corporate officer holding office at the time the subject contract was entered into through the present.

3.    List the name, present or last known address and telephone number of all persons believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the person has knowledge.

4.    Please state whether you, or your company, agent or affiliate entered into a contract or agreement with the Plaintiff as alleged in the pleadings.  If so, please state:

a)    the date on which you entered into said contract or agreement;

b)    the name and address of all persons, employees, agents or representatives of you, or your company, who had knowledge of, worked on or were responsible for the parties contract or agreement, and the subsequent amendments; and,

c)    the name and address of all persons who have or are in custody of any contracts, notes, memoranda, or other writings, concerning the parties contract or agreement and the subsequent amendments.

5.      Is it your contention or belief that the Plaintiff failed to comply with the terms and conditions of said contract or failed to perform all acts necessary to complete or conclude the contract entered into by the parties? If so, please state in detail said conditions, terms and/or acts not performed by Plaintiff, listing same in sequential order.

6.      During the time the contract or agreement was in effect, or immediately preceding same, were you aware or advised through your agents, employees or any other person that there was a problem and/or difficulty with the ability of any of the parties to comply with any of the terms and/or conditions of the contract, agreement and/or any of the subsequent amendments? If so, please state same in detail.

7.      Please state whether or not you or any agent, representative or employee of the Defendant ever made or gave any statement, remark or comment, whether oral or in writing, to anyone regarding the issues described in the Complaint, and if so, set forth the name and address of the person giving such statement, remark or comment, the date said statement, remark or comment was given, and the name and present or last known address of the person to whom the statement, remark, or comment was given.

8.      List the name, present or last known address and telephone number of each person believed or known by you, your agents or attorneys, to have heard, or who was purported to have heard, the Plaintiff make any statement, remark, or comment concerning the allegations described in the Complaint, and the substance of each statement, remark, or comment.

9.     Do you contend that any individual or entity not named as a party to this action was at fault in causing the injuries or damages about which the Plaintiff complains and which are set forth in the Complaint?  If so, state the name(s) of such individual(s) and/or entities, the facts upon which you rely to support your contention that those named were at fault, the names and addresses of all witnesses with knowledge or opinions, or both, to support your contention that those named were at fault in causing the Plaintiff's injuries or damages, and the percentage of fault you attribute to those named and the factual basis for such apportionment.

10.    Please describe how the organization determined payment for physician services provided to a "HUMANA" insured patient during the years 1995 through the present.

11.    Please describe how a provider physician in the Defendant's and/or "HUMANA'S" network is determined to be an "outlier" in the State of Florida.

12.    Please describe the system by which physician reimbursement claims were reviewed by the Defendant and/or "HUMANA" in the State of Florida since January 1, 1995 through the present.

13.     Please provide the name, title and last known business address of those people responsible for the division and/or department within the Defendant and/or HUMANA for reviewing and/or processing physician reimbursement claims submitted by the Plaintiff.

14.     Please identify the company Defendant and/or "HUMANA" contracted with to review medical records of physician records since 1995, including the complete corporate name, address of the company, and all officers and/or representatives of the company known to the Defendant.

15.     Please describe the circumstances under which the Defendant and/or
        "HUMANA" entered into a relationship with Aztec Medical Services, Ltd. and/or
        Aztec Medical Services, Inc., including the full name, title, and last
        known business address of those employed by the Defendant and/or
        "HUMANA" who made the final decision to enter into a relationship with "Aztec,"
        the duration of the agreement, the terms and condition of such agreement,
        including payment terms and control exercised by the Defendant and/or
        "HUMANA" over Aztec Medical Services, Ltd. and/or Aztec Medical Services,
        Inc.

16.     Please list the names of all persons known by Defendant to work for Aztec
        Medical Services, Ltd. and/or Aztec Medical Services, Inc. during the period of
        October 1, 1998 to the present, including those with whom Defendant and/or
        "HUMANA" had contact with during that time period.

17.     Please provide the business address and corporate officers' names for Aztec Medical Services, Ltd. and Aztec Medical Services, Inc. during the period of October 1, 1998 to the present.

18.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit related to billing disputes between Defendant and/or "HUMANA" and a physician provider, other than the present matter, and if so, state whether you were plaintiff or defendant, the nature of the action, the complete names of the parties and the date and court in which such suit was filed.

19.     State the facts upon which you rely for each affirmative defense in your answer.

20.     Please provide a definition, as defined by Defendant and/or "HUMANA," for high intensity evaluation and management ("E & M") claims.

21.    Please provide the name and last known addresses of those individuals involved in the development, review and implementation of "HUMANA'S" two (2) month pilot program related to "E & M" physician claims.

22.    Please identify the computer program or package utilized to identify and/or change the CPT codes after submission by a physician.

23.     Please identify the person or persons, including full name and last known address, responsible for reviewing Plaintiff's electronic billing submitted to Defendant and/or "HUMANA" since 1995.

_____

_____

STATE OF                              )
                                      ) SS
COUNTY OF                             )

      The foregoing instrument was acknowledged before me this _____ day of

_____, 2000, by _____, who is personally known to me or who

has produced _____ as identification and who did/did not take

an oath.

S
 E
  A
   L


_____
Signature of person taking acknowledgment


_____
Name of officer taking acknowledgment


_____
Title or rank


_____
Serial number