UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 00-6217-Civ-Graham/Turnoff

HAROLD SAMUEL LANDA, M.D.,

    Plaintiff,

v.

HUMANA MEDICAL PLAN, INC.,

    Defendant.

**ANSWER**

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Humana Medical Plan, Inc., Humana Health Plan of Florida, Inc., and Humana Insurance Company of Florida, Inc. (collectively, "Defendants"), by counsel, for their Answer to the First Amended Complaint ("Complaint"), state as follows:

1.    Defendants admit that this action seeks relief as set forth in paragraph 1 of Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint.

3.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

4.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5.    Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.



7. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint, and further answer that a true copy of the executed original Physician Agreement between Dr. Landa and the Defendants was filed as an exhibit to Humana's Memorandum in Support of Removal.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit that Florida Statute Section 641.3155 contains provisions regarding HMO payment of provider claims, but otherwise deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that the reimbursement claims submitted by Dr. Landa were to include billing codes in accordance with the Current Procedural Terminology ("CPT") Handbook, but otherwise deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that Humana had a contract with Aztec, but otherwise deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to form a belief as to BCMA's interest in this litigation, but otherwise deny the allegations contained in paragraph 29 of the Complaint.

## Count I

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants admit that in paragraph 31 of the Complaint plaintiffs make certain requests of this Court, but otherwise deny the allegations contained in paragraph 31 of the Complaint.

## Count II

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants admit that in paragraph 34 of the Complaint plaintiffs make certain requests of this Court, but otherwise deny the allegations contained in paragraph 34 of the Complaint.

## Count III

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants admit that in paragraph 37 of the Complaint plaintiffs make certain requests of this Court, but otherwise deny the allegations contained in paragraph 37 of the Complaint.

## Count IV

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

## Count V

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

42. Defendants deny the allegations contained in paragraph 42, and each of its subparts, of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants are without knowledge or information sufficient to form a belief as to the allegations concerning Aztec Medical Systems contained in paragraph 44 of the Complaint. Defendants otherwise deny the allegations contained in paragraph 44 of the Complaint.

## Count VI

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

45.  Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.  Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.  Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.  Defendants admit the allegations contained in paragraph 48 of the Complaint concerning its desire for physicians to provide high level care to Humana insured patients, but otherwise deny the allegations contained in paragraph 48 of the Complaint.

49.  Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 49 of the Complaint concerning Dr. Landa's reliance, but otherwise deny the allegations contained in paragraph 49 of the Complaint.

## Count VII

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

50.  Defendants admit the allegations contained in paragraph 50 of the Complaint.

51.  Defendants admit that Humana had an obligation to perform under the contract, but otherwise deny the allegations contained in paragraph 51 of the Complaint.

52.  Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.  Defendants deny the allegations contained in paragraph 53 of the Complaint.

## Count VIII

Defendants incorporate by reference each and any admission, denial and allegation set forth above.

54.  Defendants admit that Dr. Landa provided care and treatment to Humana insured patients, but are otherwise without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint.

55. Defendants admit the allegations contained in paragraph 55 of the Complaint that it accepted Dr. Landa providing care to Humana insured patients, but otherwise deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants admit the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

All of the claims asserted in the Complaint are preempted by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"); the Federal Employees Health Benefits Plan Statute, 5 U.S.C. §§ et seq. ("FEHBA"); and the Civilian Health and Medical Programs of the Uniformed Services, 10 § U.S.C. 1072 et seq. ("CHAMPUS").

## THIRD DEFENSE

Plaintiffs' claims asserted in the Complaint are barred by applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiffs' claims asserted in the Complaint are barred in whole or in part because Plaintiffs have failed to mitigate their damages by terminating their physician agreements, failed to follow the internal grievance procedures of Defendants or failed to abide by statutory

grievance or appeals processes.

**FIFTH DEFENSE**

To the extent that medically necessary services were limited or withheld from Defendants' members in violation of Plaintiffs' contractual obligations to Defendants to provide medically necessary services to Defendants' members, Defendants are entitled to setoff against any damages, and against the costs of complying with any injunctive relief awarded by the Court.

**SIXTH DEFENSE**

Plaintiffs' claims asserted in the Complaint are barred by the Health Insurance Portability & Accountability Act of 1996, Pub. L. 104-191, 29 U.S.C.A. §§ 1181-82 ("HIPAA").

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**NINTH DEFENSE**

Plaintiffs' claims for breach of contract must fail because Defendants have performed all of their obligations under any contract they may have with Plaintiffs.

## TENTH DEFENSE

At all times relevant, Defendants acted in good faith and without knowledge of any wrongful acts or intents.

## ELEVENTH DEFENSE

Plaintiffs' damages, if any, were caused solely by the acts of third parties or the operation of external economic factors and not by any misstatement, act or omission attributable to Defendants.

## TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of Plaintiffs' lack of a private right of action under the statutes upon which they base their claims.

## THIRTEENTH DEFENSE

Plaintiffs are estopped from asserting any claims against Defendants.

## FOURTEENTH DEFENSE

Plaintiffs have waived any claims they may have against Defendants.

## FIFTEENTH DEFENSE

Any damages suffered by Plaintiffs as alleged in the Complaint are solely and proximately caused by the conduct of Plaintiffs and/or by the conduct of other persons or entities.

## SIXTEENTH DEFENSE

Plaintiffs' claims asserted in the Complaint are barred by the filed tariff doctrine.

## SEVENTEENTH DEFENSE

Defendants reserve the right to plead other defenses as they become known.

WHEREFORE, Defendants respectfully demand as follows:

A.   That the Complaint and each and every allegation therein be dismissed with prejudice;

B.   That Defendants be awarded their costs and expenses incurred in this action, including reasonable attorney's fees; and

C.   That defendants be granted any and all relief to which they may be entitled.

Respectfully submitted this 1st day of March, 2000

Peter A. Sachs
Jones, Foster, Johnston & Stubbs, P.A.
505 South Flagler Drive, Suite 1100
P.O. Box 3475
West Palm Beach, Florida 33402-3475
(561) 659-3000

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail to Brian D. Boyle, Esq., Brian P. Brooks, Esq., O'Melveny & Myers L.L.P., 555 13th Street, N.W., Washington, D.C. 20004; Walter G. Campbell, Esquire, Krupnick, Campbell, Malone, Roselli, Buser, Slama, Hancock, McNelis, Liberman & McKee, P.A., 700 Southeast Third Avenue, Suite 100, Courthouse Law Plaza Fort Lauderdale, FL 33316 on March 1, 2000.

JONES, FOSTER, JOHNSTON & STUBBS, P.A.
Attorneys for Defendant
505 South Flagler Drive, Suite 1100
Post Office Box 3475
West Palm Beach, Florida 33402-3475

By: _____
Peter A. Sachs
Florida Bar No. 349062

N:\PAS\20707-6\certofserv.wpd