IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 00-6217-Civ-GRAHAM
Magistrate Judge Turnoff

HAROLD SAMUEL LANDA, M.D.,
 d/b/a PULMONARY AND INTERNAL
 MEDICINE CONSULTANTS, P.A., and
BROWARD COUNTY MEDICAL
ASSOCIATION, INC.,

               Plaintiffs,

    v.

HUMANA MEDICAL PLAN INC., a Florida
Corporation, HUMANA HEALTH PLAN OF
FLORIDA, INC., a Florida Corporation, and
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida Corporation,

               Defendants.

_____/

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS

On December 15, 1999, Humana Inc. ("Humana") moved before the Judicial

Panel on Multidistrict Litigation (the "MDL Panel") for an order (a) transferring this action and

three other virtually identical purported class actions to a single district court and (b)

consolidating those actions for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Since then, Humana has notified the MDL Panel of nine additional purported class actions

brought by Humana members raising issues concerning alleged "downcoding" of physician

claims for payment, Humana's use of financial incentives such as capitation, and other managed

care practices.  On March 15, 2000, Humana identified this action and one related action as



potential "tag-along" actions because, although brought by physicians rather than Humana

members, they raise closely related factual issues that would be most efficiently addressed on a

consolidated basis.  Given the similarity between this action and the actions Humana has

previously identified to the MDL Panel as appropriate for transfer and consolidation, Humana

expects that this action will be transferred and consolidated with the other actions for

consolidated pretrial proceedings.

This litigation is still at a very early stage before both this Court and the other

district courts hearing the related actions.  A stay of proceedings would therefore help achieve

the objectives of the MDL process – namely, judicial economy and the avoidance of inconsistent

pretrial rulings – without unduly interfering with any motions pending before this Court.

Moreover, a case now pending before the Supreme Court of the United States  may influence this

Court's treatment of dispositive motions in this case.  [1]  Accordingly, this Court should stay

proceedings pending the MDL Panel's decision whether and where to transfer this action for

consolidated pretrial proceedings.  At a minimum, this Court should issue a protective order

postponing plaintiffs' pending discovery until after the MDL Panel has ruled on Humana's

motion to transfer and consolidate.  The propriety of a stay in this action is perhaps most clearly

demonstrated by the fact that Chief Judge Aspen (N.D. Ill.), Judge Pickering (S.D. Miss.), and

Judge Ryskamp (S.D. Fla.) have all stayed proceedings in related actions pending in their courts.

(*See* Orders attached at Tabs 1 through 3.)

---

[1]      While plaintiffs' complaint purports to assert claims arising under state law, Humana removed this action
to federal court on the basis of the doctrine of complete ERISA preemption, under which plaintiffs' "state law
claim[s] must be recharacterized as an ERISA claim." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346,
1354 (11th Cir. 1998).  The viability of this action under ERISA is likely to be affected by the Supreme Court's
decision in *Pegram v. Herdrich*, No. 98-1949, 120 S. Ct. 10 (1999), which involves the scope of ERISA's fiduciary
provisions as applied to physicians and managed care organizations.

## BACKGROUND

Over the last six months, a series of lawsuits have been filed against Humana and its affiliates challenging the use of certain managed care cost-containment practices. Some of these lawsuits have been brought by Humana members, while others (like this one) have been brought by physicians. Some of these lawsuits have been styled as class actions, while others assert aggregated claims through representative plaintiffs (such as the Broward County Medical Association). Despite some superficial differences, all of these actions have at their core the allegation that Humana's alleged cost-containment practices – claims coding initiatives, use of physician incentive arrangements, and the like – are either unlawful outright, or at a minimum are subject to onerous disclosure requirements.

Because of the similarity among these various actions, Humana has requested that they be transferred and consolidated before a single district court for pretrial proceedings. No plaintiff has opposed Humana's request for transfer and consolidation. However, the various parties have submitted different proposals for *where* these actions should be transferred. Humana has proposed the Western District of Kentucky, where it is headquartered, where a substantial portion of the witnesses and documents are likely to reside, and where a related action is pending. One group of plaintiffs has urged that proceedings be transferred to the Northern District of Illinois, where a constituent action is pending. Another group of plaintiffs has indicated that a transfer anywhere in the southeastern United States would be acceptable. Still another group of plaintiffs urges that the Southern District of Florida is an appropriate transferee forum.

None of the related actions has progressed very far. Discovery is yet to be

3

conducted in any of the actions. The MDL Panel is scheduled to hear oral argument on

Humana's request for transfer and consolidation on March 30, 2000. In short, these actions are

still in their infancy, and the MDL Panel will decide shortly where this and other related actions

will proceed. A stay by this Court therefore would neither intrude upon the consideration of any

difficult or dispositive issue pending in this action, nor interfere with any other proceedings in

other courts.

## ARGUMENT

I.    **A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. §
      1407.**

Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will

transfer and consolidate multiple actions filed in several district courts in order to conduct

coordinated pretrial proceedings, where three conditions are met: (1) the cases "involv[e] one or

more common questions of fact"; (2) transfer will further "the convenience of the parties and

witnesses"; and (3) transfer "will promote the just and efficient conduct of [the] actions." 28

U.S.C. § 1407. "The purpose of such transfers is to further judicial economy and to eliminate the

potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d

804, 809 (N.D. Cal. 1998). To help achieve these goals, "[c]ourts frequently grant stays pending

a decision by the MDL Panel whether to transfer a case." *Id.* The decision whether to stay

proceedings is within the discretion of the district court. *See American Seafood, Inc. v. Magnolia

Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992). A stay in this case, pending

the MDL Panel's decision whether to consolidate and transfer the four virtually identical

purported class actions against Humana, would further judicial economy and eliminate the

4

potential for conflicting pretrial rulings. Accordingly, this Court should enter an order staying proceedings pending the decision of the MDL Panel.

That judicial economy would be served by a stay of proceedings in this case is evident from the fact that "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the . . . cases in this Court." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). A stay of proceedings now, before this Court has had occasion to engage in efforts that are likely to be duplicated by the transferee court, would spare this Court time and effort that could be devoted to other cases.

Similarly, the fact that this case is still at a preliminary stage means this Court has not yet had to learn every aspect of a complicated case whose factual underpinnings require some knowledge of a broad range of practices common to the managed care industry. Thus, if the Court declines to grant a stay and these actions are transferred by the MDL Panel, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id.* at 1360. In short, a stay would further judicial economy by obviating the need for this Court to expend time and effort engaging in case management and addressing issues sure to be dealt with by the transferee court.

A stay would also help eliminate duplicative motions and pretrial proceedings before the various courts in which these actions are proceeding. The complaint in this case is virtually identical to a case (*Cutler v. Humana Medical Plan, Inc.*, Case No. 00-6301-Civ-Gold) pending before another judge of this Court, is factually indistinguishable from a case (*Shane v. Humana Inc.* Civil Action No. 3:00 CV–53–S) pending in the Western District of Kentucky, and

raises managed care cost-containment issues that are closely related to those involved in 13 other cases pending in courts around the country. Thus, there is a clear potential here for conflicting rulings on similar issues raised in each of the district courts, as well as conflicting or duplicative discovery proceedings. "The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks." *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987). Such duplication is to be avoided not just to ensure that complex actions are tried efficiently, but also to avoid the possibility that parties will be faced with inconsistent rulings from different courts addressing the same issues. *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37, 43 (D.D.C. 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

A stay in this case would thus further the purposes of 28 U.S.C. § 1407 by preserving judicial economy and avoiding the possibility of duplicative and/or inconsistent rulings and pretrial proceedings in this Court. Because this action has not yet progressed past its earliest stages, plaintiffs will suffer no prejudice if this Court stays proceedings until the MDL Panel has had an opportunity to decide whether and where to transfer this action for further pretrial proceedings. *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay

pending decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery would occur between date of stay order and issuance of MDL Panel's order).

In circumstances similar to that presented here, where a stay of proceedings would promote the objectives of the MDL process and no particular prejudice would be caused by a stay, courts have repeatedly stayed all proceedings until the MDL Panel has had a chance to consider a transfer motion pursuant to 28 U.S.C. § 1407. *See, e.g., Aetna U.S. Healthcare*, 48 F.Supp.2d at 43; *Good*, 5 F.Supp.2d at 809; *Rivers*, 980 F.Supp. at 1361-62; *American Seafood*, 1992 WL 102762, at *2; *Arthur-Magna*, 1991 WL 13725, at *2; *Portnoy*, 1987 WL 10236, at *1; *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1-2 (D.N.J. Feb. 1, 1991).

Moreover, a stay is appropriate in this case because a case pending before the Supreme Court may be highly relevant, to the claims in this action. On September 28, 1999, the Supreme Court granted *certiorari* in *Pegram v. Herdrich*, 154 F.3d 362 (7th Cir. 1998), *cert. granted*, 120 S.Ct. 10 (1999), to determine "[w]hether a health maintenance organization . . . and its physicians breach a fiduciary duty under section 404(a)(1) of [ERISA] by implementing a managed-care program in which the HMO and its physicians receive financial incentives to provide medical care to the HMO's enrollees in a cost-effective manner." Brief of Petitioners, *Pegram v. Herdrich*, No. 98-1949, *available in* 1999 WL 1066835, at *i (Nov. 19, 1999) (question presented). The Supreme Court's resolution of that question will clearly affect – if not resolve – one of the central issues before this Court: namely, the relationship between physicians and health insurers with respect to the use and disclosure of health care cost-containment incentives and practices.

In such circumstances, where an issue pending before the Supreme Court may

affect or resolve an issue pending before a district court, courts have repeatedly stayed

proceedings pending the Supreme Court's resolution of the case. *See, e.g., Wysinger v. City of*

*Benton Harbor*, 968 F.Supp. 349, 353 (W.D. Mich. 1997) (electing to decide case on alternate

grounds but noting that "[b]ecause the *Bogan* decision could [a]ffect this Court's ruling on the

issue of immunity, a stay would be appropriate in this case."); *Keith v. Sullivan*, 956 F.Supp.

1478, 1487 (E.D. Wis. 1997) ("Because the Supreme Court's resolution of *Hendricks* is, at the

very least, extremely relevant, and even more likely, dispositive, to the case at hand, I will stay

the remaining part of Mr. Keith's petition until the United States Supreme Court's resolution of

*Kansas v. Hendricks* and *Hendricks v. Kansas*. It would be a waste of judicial resources to do

otherwise."); *Cortes v. Bd. of Governors*, 1991 WL 14181, at *2 (N.D. Ill. July 19, 1991) (to

same effect); *Person v. Ass'n of Bar of City of New York*, 414 F.Supp. 133, 139 (E.D.N.Y. 1976).

Given this combination of circumstances – a pending motion before the MDL

Panel for transfer and consolidation of this and other actions, the likelihood that pretrial

proceedings before this Court will be duplicative of proceedings before the transferee court and

that decisions by this Court may conflict with decisions by the transferee court, and the looming

presence of a Supreme Court case which will likely have a significant effect on the disposition of

this action – a stay of this action pending the MDL Panel's decision whether and where to

transfer and consolidate this action will further the purposes of 28 U.S.C. § 1407.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that its Motion to Stay

Proceedings be granted.

Dated: March 16, 1999

Respectfully submitted,

Peter A. Sachs, Esquire
Florida Bar No. 349062
Jones, Foster, Johnston & Stubbs, P.A.
505 South Flagler Drive, Suite 1100
P.O. Box 3475
West Palm Beach, Florida  33402-3475
(561) 659-3000

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail to Brian D. Boyle, Esq., Brian P. Brooks, Esq., O'Melveny & Myers L.L.P., 555 13th Street, N.W., Washington, D.C. 20004; and Walter G. Campbell, Esquire, Krupnick, Campbell, Malone, Roselli, Buser, Slama, Hancock, McNelis, Liberman & McKee, P.A., 700 Southeast Third Avenue, Suite 100, Courthouse Law Plaza Fort Lauderdale, FL 33316 on March 16, 2000.

JONES, FOSTER, JOHNSTON & STUBBS, P.A.
Attorneys for Defendants
505 South Flagler Drive, Suite 1100
Post Office Box 3475
West Palm Beach, Florida 33402-3475

By: _____
       Peter A. Sachs
       Florida Bar No. 349062

N:\PAS\20707-6\certofserv.wpd

ATTACHMENT / EXHIBIT _____

1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
2                           EASTERN DIVISION

3    SANDRA JOHNSON, individually and      )    No. 99 C 7602
     on behalf of all those similarly      )
4    situated,                             )
                                           )
5                        Plaintiff,        )
                                           )
6        vs.                               )    Chicago, Illinois
                                           )    January 25, 2000
7    HUMANA, INC., a Delaware              )    9:3 o'clock a.m.
     corporation,                          )
8                        Defendant.        )
                                           )
9

10                   TRANSCRIPT OF PROCEEDINGS - MOTION
                     BEFORE THE HON. MARVIN E. ASPEN
11

12   APPEARANCES:

13   For the Plaintiff:        MUCH SHELIST FREED DENENBERG
                               AMENT BELL & RUBENSTEIN PC
14                             BY:  MR. MICHAEL B. HYMAN
                               220 North LaSalle Street
15                             Chicago, Illinois 60601

16   For the Defendant:        O'MELVENY & MYERS LLP
                               BY:  MR. IRA RAPHAELSON and
17                                  MR. BRIAN P. BROOKS
                               555 13th Street, N.W.
18                             Washington, D.C. 20004

19                             UNGARETTI & HARRIS
                               BY:  MR. JAMES G. RICHMOND
20                             3500 Three First National Plaza
                               Chicago, Illinois 60602
21
     Court Reporter:           MARY M. HACKER
22                             Official Court Reporter
                               219 South Dearborn Street, Suite 2528A
23                             Chicago, Illinois 60604
                               (312) 663-0049
24                             _____

25

2

1          THE CLERK:  99 C 7602, Sandra Johnson versus Humana,

2     Inc.

3          MR. HYMAN:  Good morning.  Michael Hyman for the

4     plaintiff.

5          THE COURT:  Good morning.

6          MR. RICHMOND:  Good morning, your Honor.  James

7     Richmond of Ungaretti & Harris for the Defendant Humana, with

8     Mr. Ira Raphaelson of O'Melveny & Myers, and Mr. Brian Brooks

9     of the same firm.

10          THE COURT:  Your motions for admission pro hac vice

11     and for leave to file additional appearances are allowed.

12          MR. RAPHAELSON:  Thank you, your Honor.

13          THE COURT:  There is a motion for a stay pending the

14     motion to transfer and consolidate.  That's before the Multi

15     District Litigation Panel?

16          MR. HYMAN:  Your Honor, this week we filed a response

17     in which we asked that the case be sent before your Honor as

18     our first choice, or before the Court of Mississippi or in

19     Florida.

20          We had stipulated about a month ago for an answer or

21     otherwise plead to the complaint by this coming Thursday, and

22     then they filed this motion for a stay.  We would ask that the

23     defendant respond to the complaint as stipulated by Thursday

24     and that we get seven days to respond to the motion on the

25     stay.

1           MR. RAPHAELSON:   Judge, good morning.

2           There are a number of developments that I think the

3     Court might find of interest that have occurred since we filed

4     our motion.

5           As Mr. Hyman indicated, they have essentially joined

6     in our MDL request for consolidation arguing for this venue.

7     Two other groups of plaintiff's counsel, one in Florida, led by

8     Mr. Bois and his firm in the Price matter, have argued for

9     consolidation and their own venue, Mr. Bois also invoking the

10    first in time rule.

11          Mr. Scruggs, in the Landrey matter pending before

12    Judge Pickering, moved for consolidation as well there, urging

13    his venue, as well as moving for a stay when Judge Pickering on

14    his own motion, having noticed the MDL petition filed by

15    Humana, suspended proceedings not only in the Humana matter but

16    in all of the various HMO cases down there.   I believe there

17    could be as many as eleven pending before Judge Pickering

18    against various defendants, including Humana.

19          Two other cases have been filed against Humana which

20    will figure -- well, one of which will certainly figure in the

21    MDL, one of which may, the first being Weinger versus Humana,

22    which has been assigned to Judge Ricecamp in southern Florida,

23    bringing three cases in Florida on the same essential theory.

24    The Weinger case is brought by the Berger and Montague firm out

25    of Philadelphia, which also brought the earlier mail case

4

1    against Aetna, which had a similar iteration of theory, was

2    dismissed by the Federal District Court in Philadelphia and is

3    now pending in the Third Circuit.

4          The second case is a Kentucky state case filed in

5    Louisville, where Humana is headquartered; it is on the

6    doctors' aspect of the case.  Humana is considering attempting

7    to remove that case and also referring that to the MDL panel

8    for consolidation.

9          One other element that ought -- or perhaps might be of

10   interest to the Court is the Fifth Circuit decided the Elman

11   (phonetic) versus Kaiser Foundation case.  The essential

12   holding of that case was the Fifth Circuit found there is no

13   ERISA based fiduciary obligation to disclose capitation

14   agreements, one of the court theories of the Johnson-Price and

15   other actions against Humana.

16         I note this not to address the matter on the merits,

17   your Honor, but because it underscores the observation that the

18   plaintiffs in the Johnson case made in the MDL panel, which is

19   that part of the reason for moving ahead with the MDL is that

20   one ought to avoid the potential for wasteful litigation and

21   potentially conflicting rulings.

22         Elman is binding, for instance, on Judge Pickering.

23   It is obviously something we will argue should be persuasive to

24   this Court but is not binding --

25         THE COURT:  Okay.  Well, argue it at the appropriate

5

1   time then.

2          MR. RAPHAELSON:  Judge, we think a stay is

3   appropriate.  Judge Pickering has, though not ruled for a stay,

4   certainly acted as though he thinks one is appropriate.  The

5   plaintiffs in that matter have joined the effort for stay.  The

6   MDL panel is going to be hearing our motion the end of March

7   and we expect a ruling the beginning of April.

8          We respectfully request that the Court grant our stay.

9   It's a limited amount of time, and we will know what the MDL

10  panel does then.

11         THE COURT:  How are you going to be prejudiced if I

12  grant the stay?

13         MR. HYMAN:  I think that, first of all, the fact that

14  we are asking that the case be sent here, I think is important

15  that the case continue here.

16         THE COURT:  I would love to have it here, but the fact

17  that you're asking for it here doesn't mean it's going to be

18  here.

19         MR. HYMAN:  That's true, your Honor.  But there is no

20  reason to stay it in that the filing of an MDL petition does

21  not automatically stay a case.  It's in your discretion.

22         THE COURT:  Sure.

23         MR. HYMAN:  But why should we wait until April or

24  whenever the MDL panel rules?  There isn't going to be a lot

25  happening in the meantime but at least we are going to get

1    their response on file, we can begin the motion papers.  They

2    are already arguing the merits of that --

3              THE COURT:  I think the response ought to get on file

4    because you're going to file a response no matter where the

5    case is, right?

6              In terms of discovery I think it makes sense, in terms

7    of the motion practice it makes sense to wait and see if the

8    cases are going to be consolidated.  But in terms of filing a

9    responsive pleading, you're going to have to file a responsive

10   pleading in all these cases.

11             MR. RAPHAELSON:  Judge, we filed a responsive pleading

12   in the Price case because that one --

13             THE COURT:  File one here then.

14             MR. HYMAN:  -- was filed well in advance of the other

15   cases which have followed since.

16             We will obviously do what the Court directs us to do.

17             THE COURT:  All right.  I am going to ask that you

18   file your responsive pleading as required, and I will stay any

19   motions or discovery until we find out what is happening in

20   terms of the motion before the MDL panel.

21             MR. RAPHAELSON:  Judge, given that we had noticed the

22   motion for stay on the 11th, hoping to get into court, last

23   week, we are here today, we are due on Thursday, our offices

24   are closed today because of a snowstorm -- could we have until

25   Monday?

1          THE COURT:  Yes.

2          MR. HYMAN:  I have no objection.

3          THE COURT:  Okay.

4          MR. RAPHAELSON:  Thank you.

5          THE COURT:  You're welcome.

6      (Which were all the proceedings had at the hearing of

7      the within cause on the day and date hereof.)

8                          CERTIFICATE

9          I HEREBY CERTIFY that the foregoing is a true,

10    correct and complete transcript of the proceedings had at the

11    hearing of the aforementioned cause on the day and date hereof.

12

13

14    _____          1/20/00
      Official Court Reporter                 _____
15    U.S. District Court                      Date
      Northern District of Illinois
16    Eastern Division

17

18

19

20

21

22

23

24

25

01/27/00  15:26 FAX 601 352 7737

ATTACHMENT / EXHIBIT 2

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JAN 2 5 2000

T. NOBLIN CLERK
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

LANDRY                                                      PLAINTIFF

VERSUS                                  CIVIL ACTION NO. 2:99-cv-325PG

HUMANA, ET AL                                              DEFENDANT

## ORDER

This matter is before the Court sua sponte. This Court had previously advised the parties herein that a motion to transfer this case to multi-district litigation had been filed. In light of that, the Court had requested responses from counsel for all of the parties regarding continued development of this case in this Court.

The Court has received the responses that it requested and has reviewed all of them. The Court has determined that it would not be able to make any constructive progress in resolving this litigation while the motion to transfer this case to the MDL panel is pending especially since the Plaintiffs in their response to that motion have requested that all of the cases pending before this Court be transferred as tag-along cases.

The Court has therefore determined that the interests of justice and judicial economy require the Court to stay this matter pending resolution of the motion to transfer this case to the multi-district litigation panel as well as this case as a tag along. The Court would advise the parties that as soon as a decision is made by the multi-district litigation panel as to whether this case goes to that panel or stays in this Court

or whether this case comes back to this Court, this Court will conduct a conference to schedule this matter for speedy resolution.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is stayed pending further order of this Court.

IT IS FURTHER ORDERED AND ADJUDGED that any conferences scheduled in this case are hereby canceled until further order of the Court

SO ORDERED AND ADJUDGED, this the 25th day of January 2000.


CHARLES W. PICKERING, SR.
UNITED STATES DISTRICT JUDGE



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH**

ATTACHMENT / EXHIBIT

Case No. 99-9108-CIV-RYSKAMP

ALAN WEINGER, CYNTHIA ZILKA
and CLIVE D. HAYHURST on behalf
of themselves and all others
similarly situated,

      Plaintiffs,

vs.

HUMANA INC.,

      Defendant.

_____/

## ORDER GRANTING STAY OF PROCEEDINGS

THIS CAUSE came before the Court upon the defendant's notice that it recently filed a

motion to the Judicial Panel on Multidistrict Litigation for an order of transfer and an order of

consolidation [DE 12 & 14], filed March 7, 2000.

In the interest of justice and judicial economy, this Court shall stay the above-styled

matter pending resolution of the motion to transfer this case to the multi-district litigation panel.

The parties shall keep the Court informed on this matter.

ORDERED AND ADJUDGED that proceedings will be **STAYED** pending further order

of this Court.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _13_ day of

March, 2000.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

15
K-2

Page 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

copies provided:
Brian Brooks, Esq.
David Krathen, Esq.
H. Laddie Montague, Jr., Esq.
James W. Beasley, Jr., Esq.
Peter A. Sachs, Esq.