UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No: 00-6217-CIV-Graham/Turnoff
Magistrate Judge Turnoff

HAROLD SAMUEL LANDA, M.D.
d/b/a PULMONARY AND INTERNAL
MEDICINE CONSULTANTS, P.A.
and BROWARD COUNTY MEDICAL
ASSOCIATION,

    Plaintiffs,

v.

HUMANA MEDICAL PLAN, INC., a
Florida corporation; HUMANA HEALTH PLAN
OF FLORIDA, INC., a Florida corporation,
HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC., a Florida corporation,

    Defendants.
_____/

**PLAINTIFFS MEMORANDUM IN OPPOSITION TO
DEFENDANTS, HUMANA, MOTION FOR STAY**

Plaintiffs, HAROLD SAMUEL LANDA, M.D. d/b/a PULMONARY AND INTERNAL MEDICINE CONSULTANTS, P.A. and BROWARD COUNTY MEDICAL ASSOCIATION, by and through their undersigned attorneys, hereby files this Memorandum of Law in opposition to Defendants, HUMANA MEDICAL PLAN, INC., HUMANA HEALTH PLAN OF FLORIDA, INC. and HUMANA HEALTH INSURANCE OF FLORIDA, INC. (hereinafter HUMANA), Motion for Stay pending resolution of Motion to Transfer and Consolidate for Pretrial proceedings and states and follows:

## I. PLAINTIFFS' CASE

The instant case, as well as <u>Cutler et al. v. Humana Medical Plan, Inc. et. a.</u>, Case No. 00-6301-CIV-Gold, state purely state law causes of action based upon the Plaintiffs' direct claims against the Defendants based their breach of the Provider Agreement entered into by and between Plaintiffs and Defendants. Plaintiffs' claims are not based upon any ERISA Plan entered into by and between Defendants and any insured. Plaintiffs are not Plan participations or beneficiaries. Plaintiffs' claims are not brought as assignees of any Plan participations or beneficiaries.

## II  MULTIDISTRICT LITIGATION CASES

As noted in Defendants' Motion for Stay, a number of class action suits brought in Federal Court by Plan participants and/or beneficiaries are being considered for consolidation as part of Multidistrict Litigation pursuant to 28 U.S.C. §1407. None of the cases currently before the Judicial Panel on Multidistrict Litigation (MDL Panel) involve cases brought by physicians pursuant to Provider Agreements. Instead, all of the cases which are currently before the MDL Panel involve insureds who are Plan beneficiaries and/or participants who brought suit in federal court seeking recovery against HUMANA. Only one other action, <u>Shane v. Humana, Inc.</u>, No.3: 00-CV-53-S (W.D. Ky.) pending in the Western District of Kentucky, which Defendants have merely identified as a potential tag-along action, includes claims brought by physicians based on a breach of Provider Agreements. Plaintiffs in that case have also filed a motion for remand.

As of yet, there has been no determination that the cases being considered for MDL consolidation will be consolidated. Moreover, there has been merely a notice of

this case as a possible tag-along action. The MDL Panel has not accepted this case as a tag-along action much less entered a conditional transfer order.

Finally, the stays entered by Judges Aspen and Ryscamp were in cases which were brought in federal court and involve claims which are similar to those before the MDL Panel. There are no pending motions for remand in those cases. Therefore those Stay Orders are not indicative of the action which would be appropriate in this case.

### III   JUDICIAL ECONOMY DOES NOT SUPPORT A STAY IN THIS ACTION

A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed. Tortola Restaurants, L.P. v. Kimberly Clarke Corp., 987 F.Supp. 1186 (N. D. Cal. 1997). In fact, Multidistrict Litigation Rule 1.5 specifically provides as follows:

> The dependency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

A stay is only proper where it will further the directive of the MDL, that is, to further judicial economy and to eliminate the potential for conflicting pretrial rulings. As noted by a number of courts in which a plaintiff's motion for remand is pending, these ends are not met by staying consideration of the motion for remand. For example, in Villarreal v. Chrysler Corporation, 1996 WL 116832 (N.D.Cal. 1996) the plaintiffs originally filed their complaint in state court. The defendant removed it to federal court

whereupon the plaintiff filed a motion for remand. The defendant requested a stay of the case. In denying the stay, the court stated as follows:

> Consistent with the directive of the Panel, a stay is improper. Judicial economy will best be served by directing the remand issue because a determination on this issue will facilitate litigation in the appropriate form.

Villareal 1996 WL 116832 at 1.

Similarly in Tortola Restaurants, L.P. v. Kimberly Clarke Corp., supra, the Court considered plaintiff's motion for remand despite the fact that the defendants argued that there were at least twenty-six cases in five different districts awaiting consolidation which were "virtually identical" to the claims brought by the plaintiffs in that case. The district court determined that judicial economy would be best served by determining whether the case before it should even be in the federal system before moving it into the Multidistrict Litigation morass.

Again, in Dollar v. General Motors Corp., 814 F. Supp. 538 (E.D.Tex.1993) the Court refused to stay consideration of the plaintiffs' motion for remand pending potential MDL consolidation. In doing so, the district court directed the case to the jurisdiction to which it belonged, state court, in the most prompt and efficient manner possible.

In fact, even in a number of the cases cited by the defendant in support of entry a stay pending potential consolidation, the courts first considered plaintiffs pending motions for remand. In Good v. Prudential Ins. Co. of America, 5 F.Supp.2d 804 (N.D. Cal.1998) and Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 48 F.Supp.2d 37 (D.D.C.1999) the district courts had pending before them motions for remand as well as motions for stay by the defendants. In both cases, the district court first considered

4

the motion for remand and based upon its denial, entered a stay. Similarly in this case, the Court should consider Plaintiffs Motion for Remand and though plaintiffs expect denial of that motion to be unlikely, if it were denied, a stay of proceedings pending transfer would be appropriate.

In another case cited by defendants, Rivers v. Walt Disney Co., 980 F.Supp. 1358, (C.D. Cal. 1997) the court specifically distinguishes its decision to stay the case from those cases where there are pending motions regarding jurisdictional issues. As stated by the Rivers court:

> In that case [Villarreal] the court did not stay preliminary pretrial proceedings because judicial economy was best served by first considering jurisdictional issues.

980 F.Supp. at 1361-62.

Finally, in the remainder of the cases relied upon by defendant regarding entry of stays, the cases did not involve pending motions for remand. Instead, in those cases there were merely conditional transfer orders entered in cases that had originally been filed in federal court. As such, these cases are completely irrelevant to the stay issue in this case.

Finally, defendants misrepresent the potential effect of the case over which the Supreme Court has granted *certiorari*, Pegram v. Herdrich, 154 F.3d 362 (7th Cir.1998) *cert granted* 120 S.Ct.10 (1999). In that case, a plaintiff who is a Plan participant sued her doctor for medical malpractice, as well as her HMO, arguing that the HMO was partially responsible for her injury because it's cost containment directives encouraged her physician to delay important diagnostic testing resulting in her injury. The case is

specifically brought by a Plan participant/beneficiary against an HMO based upon rights derived from the ERISA Plan. These facts and circumstances have absolutely nothing to do with the claims in this case. No claim is being brought by a Plan participant or beneficiary, Plaintiffs rights are not based upon any ERISA Plan, and an ERISA Plan does not govern any of Plaintiffs' rights under the Provider Agreement entered into it by and between Plaintiffs and Defendants, HUMANA. As such there is no reason to believe that resolution of the <u>Pegram</u> case will have any effect on the Court's determination of Plaintiffs' Motion for Remand.

For all of these reasons, there is absolutely no saving to judicial economy to stay consideration of Plaintiffs' Motion for remand in this case. A prompt determination of the remand motion would return this case to the jurisdiction to which it belongs. Accordingly, this Court should deny Defendants Motion for Stay.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 31st day of March, 2000 to:

Peter A. Sachs, Esq.
Jones, Foster, Johnston & Stubbs, P.A.
Attorneys for Defendants,
505 South Flagler Drive,
Suite 1100
P. O. Box 3475
West Palm Beach, Fl 33402-3475
(561) 659-3000

O'Melveny & Myers LLP
Of counsel for Defendants
555 13th Street, N. W.,
Suite 500 West
Washington, D. C. 20064
(202) 383-5300

        KRUPNICK, CAMPBELL, MALONE, ROSELLI,
        BUSER, SLAMA, HANCOCK, McNELIS
        LIBERMAN & McKEE, P.A.
        Attorney for Plaintiff
        700 Southeast Third Avenue
        Courthouse Law Plaza, Suite 100
        Fort Lauderdale, Florida 33316
        (954) 763-8181

BY: _____
    WALTER G. CAMPBELL, JR., ESQUIRE
    Florida Bar No.: 161009